No. 2706.—L. A. BARROW et al. v. HEIRS OF A. BIRD, deceased.

A bequest in favor of slaves is null, and can not be enforced by the legatees against the heirs. The law of 1857, which prohibited the emancipation of slaves, applied as well to the heirs as to the testator; and the act of the heirs, in confirmation of the clause in the will directing the emancipation of the slaves named as legatees, was without legal effect, on account of its being in contravention of a prohibitory law.

APPEAL from Fifth District Court, parish of East Baton Rouge. Posey, J. White & Robertson, for plaintiffs and appellants. S. P. Greeves, and A. S. Herron, for defendants and appellees.

WYLY, J. The petition alleges that Abram Bird departed this life in 1860, leaving a large estate, and three heirs at law; that previous to his death he made and executed his last will and testament in form nuncupative by public act, wherein, after providing for his heirs at law, he donated to each of the two petitioners the sum of eight thousand dollars, which said particular legacies, they claim, were intended for their sustenance.

The petition further represents that said will provided for the emancipation of the petitioners, who were then slaves of said Abram Bird, and enjoined on the executor to cause their enfranchisement, with the right of remaining in the State, as soon as it could be done under the laws thereof.

That immediately after the death of said testator, his heirs renounced all their right to hold the petitioners in slavery, and acquiesced in and confirmed the particular legacies left to them. That they also took immediate possession of all the property of said succession, accepting the same, purely and simply, and made a voluntary extrajudicial partition thereof among themselves; but they left the legacies to the petitioners unpaid. The prayer of the petition is for judgment against the legal heirs jointly for the amount of said special legacies, and for the recognition, and an enforcement, of the legal mortgage which they claim on all the immovable property belonging to Abram Bird at his death.

The defendants pleaded in bar of recovery, that the plaintiffs are the issue of an adulterous concubinage between their father, Abram Bird, and the mother of the petitioners, who was his slave at the time; and, as such, they could not inherit his property ; also, that the plaintiffs were the slaves of Abram Bird at the time of his death; and, under a prohibitory law of the State, then in force, could not be emancipated either directly or indirectly; and, occupying that status, they were absolutely incapable of inheriting his property by donation *causa mortis*, or otherwise.

The court gave judgment, dismissing the demand of the plaintiffs as of nonsuit, and they have appealed.

It is unnecessary to examine the bills of exception taken to the introduction of evidence, showing that the petitioners are the adulterous bastards of Abram Bird, nor is it necessary to consider the proposition that the heirs can confirm and ratify a bequest to the adulterous children of their father. He being prohibited from giving beyond sustenance to his adulterous children could not ratify his own illegal act, while his legal heirs, not being prohibited from giving to the adulterous issue of their father, might bind themselves by ratifying a bequest which he had no right to make. Indeed, from the view we have taken on another point, we consider it unnecessary to pass on the evidence and the authorities bearing on the plea that the plaintiffs being adulterous bastards of the father, can not partake of his estate. The other plea that the plaintiffs were slaves at the time of Abram Bird's death, by law prohibited from being emancipated and incapable of inheriting, seems to us conclusive of the case. There is no doubt that they were his slaves, indeed they allege it in their petition. There is no doubt that the act of 1857, in force and effect at the time of Abram Bird's death, absolutely prohibited the emancipation of slaves, the

prohibition applying to the heirs as well as to the deceased. So far as the act of renunciation or confirmation by the heirs emancipated the plaintiffs from slavery, it was a mere nullity, being made in contravention of a prohibitory law.

Parties can not ratify their own act done in contravention of a prohibitory law.

The plaintiffs occupying the status of slaves under a law forever forbidding their emancipation, were utterly incapable of receiving legacies from Abram Bird or any one else. However unjust and reprehensible the conduct of the heirs of Abram Bird towards the plaintiffs may appear, and however barbarous the statute of 1857 may appear, we can not give the plaintiffs the relief which they seek at our hands. We have no other discretion than to administer the law as we find it.

It is therefore ordered that the judgment of the court *a qua* be affirmed with costs.

Rehearing refused.